IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM RYAN JOBES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 4481 |
| | ) |
| S.A. GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant S.A. Godinez's (Godinez), Defendant Tarry D. Williams' (Williams), Defendant Jerome Weatherspoon's, Defendant Kenyon Bailey's, Defendant Hampton Kerr's, Defendant Jason Beard's, Defendant Correctional Officer Richardson's, and Defendant Andrew Hobus's (collectively referred to as "IDOC Defendants") motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Adam Ryan Jobes (Jobes) alleges that he is an inmate confined at Stateville Correctional Center. On August 18, 2014, Jobes was allegedly transferred to a new cell (Cell). According to Jobes, the Cell had no working water. Jobes

1

claims that as a result he had to use funds to purchase bottled water at the commissary and after he ran out of money, he was forced to try and get water from other cells when he was able to do so. Jobes claims that as a result he was forced to go without water for hours and even days. Jobes also contends that although he complained about the water problem in the Cell, it was not fixed until November 11, 2014. Jobes further alleges that after he filed the instant action, Defendant Correctional Officer Bidwell (Bidwell) repeatedly opened the windows to the Cell and nearby area and refused to allow anyone to close them in order to expose Jobes to cold temperatures. Jobes also contends that Bidwell made threats to him to try and get Jobes to drop the instant action. Jobes includes in his second amended complaint claim brought against IDOC Defendants pursuant to 42 U.S.C. § 1983 (Section 1983) based on conditions of confinement (Count I), and a Section 1983 retaliation claim brought against Bidwell (Count II). IDOC Defendants now move to dismiss the claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2

2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

IDOC Defendants argue that Jobes has failed to allege sufficient facts to state a valid Section 1983 claim. IDOC Defendants also argue that there are not sufficient allegations to suggest personal involvement by certain Defendants.

I. Sufficiency of Allegations

IDOC Defendants argue that Jobes has failed to allege sufficient facts to state a valid Section 1983 claim based on the conditions of his confinement. A prisoner can show that his Eighth Amendment rights were violated based on "conditions of

confinement in a jail or prison," by establishing: (1) that there was a deprivation that "from an objective standpoint . . . was sufficiently serious that it result[ed] in the denial of the minimal civilized measure of life's necessities," and (2) that "prison officials [were] deliberately indifferent to this state of affairs." *Gray v. Hardy*, 2016 WL 3457647, at *2 (7th Cir. 2016)(internal quotations omitted)(quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). IDOC Defendants argue that the Constitution does not require that an inmate be given water on a moment's notice. IDOC Defendants also contend that the facts alleged in the second amended complaint do not appear to suggest a serious risk to Jobes' health due to water deprivation or a significant hardship. IDOC Defendants further contend that Jobes has failed to provide all the details concerning exactly how and when he was denied water. However, Jobes was not required to include all such allegations in his complaint at the pleadings stage. As IDOC Defendants themselves acknowledge, in the absence of such details it is impossible at this juncture to assess the exact level of deprivation if any and hardship faced by Jobes. At the summary judgment stage after discovery IDOC Defendants can point to the lack of such details and evidence to support Jobes' claims. Jobes alleges that he was denied access to water at times for hours and at times for days. (SA Compl. Par. 13). He further alleges that he was subject to such conditions from August 2014 to November 2014 and that he "continues to suffer from the effects of the long-term dehydration." (SA Compl. Par. 7, 23, 36, 38). At the pleadings stage, the court must accept such facts as true and draw all reasonable inferences in favor of Jobes. Jobes has alleged sufficient facts to state Section 1983

claims at this juncture against IDOC Defendants. Therefore, IDOC Defendants' motion to dismiss based on an insufficiency of allegations is denied.

II. Personal Involvement

IDOC Defendants also argue that Jobes has failed to allege facts that would suggest that Godinez or Williams were personally involved in the alleged constitutional depravation. In order to hold an individual liable under Section 1983, the plaintiff must "show that the defendant[] [was] personally responsible for the deprivation of [his] rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016)(stating that "[a] defendant is personally responsible if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent")(internal quotations omitted))(quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Jobes argues that Godinez was a target of Jobes' letter writing campaign and thus had notice of his complaints about the lack of water. Correspondence from an inmate to "a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). In this case, however, there are no allegations that would suggest that Jobes was actually corresponding with Godinez personally or that Godinez had actual knowledge of the alleged constitutional deprivation. Jobes also requests that the court delay its ruling on this issue until discovery is conducted. At the pleadings

stage, Jobes is required to present sufficient facts to support his claims.  Jobes points to nothing other than positions held by Godinez and Williams to support his contention that they might have been personally involved in the relevant decisions.  Such speculation is not sufficient to state a valid claim.  Therefore, the motion to dismiss the claims against Godinez and Williams is granted.

## CONCLUSION

Based on the foregoing analysis, IDOC Defendants' motion to dismiss the claims brought against Godinez and Williams is granted.  IDOC Defendants' motion to dismiss the claims brought against the remaining IDOC Defendants is denied.


                                                                     _____
                                                                     Samuel Der-Yeghiayan
                                                                     United States District Court Judge

Dated:   August 5, 2016